IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHELLE MARIE RISPOLI,

    Plaintiff,

v.                                      Case No. 1:18-cv-16-MW-GRJ

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

    Pending before the Court is ECF No. 16, Defendant's Consent Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant.

    Defendant requests the Court to remand this case under sentence four of § 405(g) so that an administrative law judge (ALJ) may evaluate additional evidence submitted to the Appeals Council. Defendant states that upon remand, the Appeals Council will direct the ALJ to consider the additional evidence, obtain testimony from a medical expert to evaluate the claimant's physical abilities, re-assess the medical opinions and the claimant's residual functional capacity, proceed through the sequential

evaluation process as necessary, and issue a new decision. Plaintiff has no objection to Defendant's motion.

Title 42, United States Code, Section 405(g), empowers the Court to reverse the decision of the Commissioner with or without remanding the cause for a rehearing.[2] Where the district court cannot discern the basis for the Commissioner's decision, a sentence four remand may be appropriate to allow him to explain the basis for his decision.[3] On remand under sentence four, the administrative law judge ("ALJ") should review the case on a complete record, including any new material evidence.

Accordingly, it is **RECOMMENDED** that:

1. Defendant's Consent Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant, ECF No. 16, should be **GRANTED**.

2. The Commissioner's decision denying benefits to Plaintiff should be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. On remand, the ALJ will consider the new evidence and re-assess the claims as set forth in this report and recommendation.

---

[2] *Shalala v. Schaefer*, 509 U.S. 292 (1993).

[3] *Falcon v. Heckler,* 732 F.2d 827, 829-30 (11th Cir. 1984).

3. The **Clerk** should be directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IN CHAMBERS** this 17th day of August, 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**